JUSTICE SICKLES, Appellant, v. UNION INVESTMENT CO.,
et al.

**Tax Sale:** NOTICE TO REDEEM: *Sufficiency.* Notice to redeem from
1   tax sale is sufficient where one would understand from it that
    the land is in a certain county of the state, though the state and
    county are not mentioned in direct connection with the descrip-
    tion of the land.

**FRAUDULENT SERVICE:** *Not proven.* Claim that W., purchaser at
    tax sale, fraudulently caused the notice to redeem to be served on
    a person of the same name, P., but other than the one to whom it
    was addressed, is not established where it appears merely that
2   the P. served had no possession of, or any interest in, the land,
    and so informed the person serving him, and that this was told
    W., who replied that the service was sufficient, that it was taxed
    to him and that was enough, and it did not appear that W. knew
    any other P. ever claimed any interest in the land, which was un-
    cultivated timber land, with nothing to show who was in pos-
    session of it.

**ASSIGNMENT OF CERTIFICATE:** *Notice thereafter given.* Notice to re-
3   deem from tax sale, being required to be from "the lawful holder
    of the certificate of purchase," is of no effect where given by one
    after his assignment of the certificate.

*Appeal from Linn District Court.*—HON. WILLIAM P.
WOLF, Judge.

FRIDAY, OCTOBER 20, 1899.

ACTION in equity to quiet title in the plaintiff to certain
real estate in Linn county. Decree was rendered dismissing
plaintiff's petition, and for costs, from which he appeals.
—*Reversed.*

*F. G. Clark* and *Jamison & Smith* for appellant.

No appearance for appellee.

GIVEN, J.—I.   The contention is between the plaintiff
and Union Investment Company, and therefore the other par-

ties defendant need not be noticed. Both parties claim the patent title from the common source of T. M. Parsons and J. M. Black. Plaintiff alleged that Parsons and Black conveyed to J. M. Curless, his grantor, and that the deeds had been lost. Defendant answered, denying generally, and claiming under a tax title, and in an amendment claims title from Parsons and Black, through J. B. Young and the Northwestern Real-Estate Investment Company, and set out deeds from Parsons and from Black to Young. Plantiff amended, alleging that these are the deeds executed and delivered by Parsons and Black to plaintiff's grantor, Curless, and that they have been falsely altered and forged by erasing the name of J. M. Curless therein as grantee, and inserting the name J. B. Young instead thereof. It is satisfactorily shown that Parsons and Black each executed and delivered to Curless their deeds conveying the land in controversy, which deeds were not recorded. It also fairly appears that said deeds were unintentionally included in a package of papers pertaining to business between Curless and George W. Wilson and the Union Investment Company, that came into the hands of Wilson. Mr. Curless identifies the deeds in evidence as the deeds executed to him, and testifies positively as to their having been altered by erasing his name and inserting the name of J. B. Young. The original deeds are before us, and their appearance corroborates Mr. Curless as to their having been so altered. It is evident from the appearance of the paper that erasures have been made wherever the name of the grantee appears, and the different color of the ink and age of the writing from the other writing indicates that the name of J. B. Young has been written where another had formerly appeared. We are well satisfied that these are the deeds executed to Curless, that they have been altered as alleged, and that, Curless having conveyed to the plaintiff, he is the owner of the patent title. It may well be doubted whether the deed from Young to defendant's grantor, the Northwestern Real-Estate Investment Company, is genuine,

but, as we conclude that Young never had title, we do not pursue this inquiry.

II.  Plaintiff assigns four reasons why defendant's tax deed is void.  The first is that the notice to redeem does not describe the land as in Linn county, or the state of Iowa.  The caption of the notice is: ".State of Iowa, Linn Co.," etc.  "Treasurer's Certificate No. ——;" and, although the state and county are not mentioned in direct connection with the description of the land, any one would understand from the whole document that the land described is in Linn county, Iowa.  The next claim is that G. W. Wilson, the business manager of the defendant company, fraudulently caused said notice to be served on a Charles Parsons other than the Charles Parsons to whom it was addressed, knowing that the Parsons served was not the owner of the land, and had no interest in it, and was not the Charles Parsons to whom the land had been last assessed and taxed.  The Charles Parsons served had no possession of, or any interest in, the land, and so informed the person serving him. This information was given to G. W. Wilson, and he replied that the service was sufficient; that it was taxed to him, and that was enough.  It does not appear that Wilson knew any other Charles Parsons as ever having claimed any interest in the land.  It was uncultivated timber land, and there was nothing to indicate who was in possession of it.  The claim of fraud in the service of the notice is not established.  The treasurer's certificate is to J. L. Wilson and has upon the back an assignment thereof from J. L. Wilson to the Union Investment Company, dated January 1, 1887.  The notice to redeem is from "J. L. Wilson, lawful holder of certificate," is dated July 15, 1887, and was served November 10, 1887.  Plaintiff insists that, the certificate having been assigned before the notice was given, J. L. Wilson had no authority to give the notice, and therefore the tax deed is void.  George W. Wilson gives some testimony tending to show that there was a mis-

take in the date of the assignment, and that it should be 1888, instead of 1887. His statements are not satisfactory. We are inclined to believe that, owing to the number of similar transactions, Wilson overlooked the assignment, and therefore caused the notice to be from J. L. Wilson instead of the then owner of the certificate. J. L. Wilson, who gave the notice was not at that time "the lawful holder of the certificate of purchase," and therefore it is as if no notice had been given; and, without legal notice, the right to redeem is not cut off. Plaintiff being entitled to redeem, and having deposited in court the full amount of the taxes, interest, and penalty, and no objections having been made to the amount, decree will be rendered canceling the tax deed, permitting plaintiff to redeem for the amount deposited, and quieting the title to the land in him.—REVERSED.